**Jeff D. PALMER, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**No. 92 Civ. 1009 (WCC).**

United States District Court,
S.D. New York.

March 25, 1992.

Jeff Palmer, pro se.

Otto G. Obermaier, U.S. Atty., S.D.N.Y. (Julie R. O'Sullivan, Asst. U.S. Atty., of counsel), New York City, for U.S.

OPINION AND ORDER

WILLIAM C. CONNER, Senior District Judge.

Petitioner Jeff D. Palmer has moved pursuant to 28 U.S.C. § 2255 to vacate or correct the sentence imposed upon him by this Court on April 14, 1986. He had pled guilty to distribution of and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(b)(1)(B) on January 7, 1986. He was sentenced to imprisonment for a term of two years followed by a special parole term of three years and a $50.00 special assessment. After serving his sentence of imprisonment, he violated his special parole and was sentenced to three years' confinement. He now claims that the sentence to a special parole term was illegal because the Sentencing Reform Act of 1984 eliminated special parole and Congress did not provide for imposition of supervised release until the Anti–Drug Abuse Act of 1986 was signed on October 27, 1986.

The Court does not agree. In the 1984 statute, Congress did not remove the provision for special parole for violations of 21 U.S.C. § 841(b)(1)(B), although it did so for violations of 21 U.S.C. § 841(b)(1)(A). Accordingly, at the time of petitioner's offense and at the time he was sentenced, the imposition of a term of special parole was not only authorized but mandated. Petitioner's motion to vacate or correct the sentence is therefore denied.

SO ORDERED.